```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Jules R. Cavadi**

    **v.**                                    Case No. 07-cv-224-PB
                                                                      Opinion No. 2007 DNH 133

**Bank of America, N.A.**


## MEMORANDUM AND ORDER

Jules Cavadi filed the instant case in state court. Bank of America, N.A. ("Bank of America") then filed a notice of removal. Cavadi now argues that the case should be remanded to state court because there is no diversity of citizenship. He also argues that Bank of America waived its right to remove by involving itself in a factually related, but separate, action in state court. For the reasons discussed below, Cavadi's motion to remand is denied.

## I. BACKGROUND

Cavadi is a citizen of Massachusetts. Bank of America is a national bank association whose main office is located in Charlotte, North Carolina. Bank of America also has branch

offices in numerous other states, including Cavadi's home state of Massachusetts.

In Rockingham County Superior Court, <u>Cavadi v. Barnes</u>, Docket No. 07-E-114 (hereinafter "the collection action"), Cavadi sought unsuccessfully to collect a judgment against Stephen C. Barnes. The court ordered Barnes to surrender the contents of a safe deposit box that Barnes maintained at the Exeter, New Hampshire, branch office of Bank of America. Instead of surrendering the box, however, Barnes visited the branch office and absconded with the box's contents. Based on these events, Cavadi requested that the superior court enter a criminal complaint for contempt against Bank of America. The bank successfully opposed this motion.

Having failed to obtain any relief in the collection action, Cavadi filed a complaint against Bank of America in Rockingham County Superior Court, <u>Cavadi v. Bank of America, N.A.</u>, Docket No. 07-C-549 (hereinafter "the new action"). In the new action, Cavadi sought to recover damages from Bank of America under a variety of state law theories based on the bank's alleged failure or refusal to prevent Barnes from taking away the box's contents. Bank of America accepted the writ of summons on June 28, 2007,

and timely filed a notice of removal on July 24, 2007.

After the new action had been removed to federal court, Cavadi moved to remand. The motion to remand is now before me. Cavadi asserts two alternative theories for defeating removal: first, that there is no diversity of citizenship; and second, that Bank of America waived its right to remove the new action when, in the collection action, it defended itself against Cavadi's motion for a criminal contempt complaint.

## II.  ANALYSIS

### A.  Diversity of Citizenship

Bank of America is a national banking association. Accordingly, this court's subject matter jurisdiction is governed by 28 U.S.C. § 1348, which states in relevant part: "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.

Cavadi principally relies on Wachovia Bank, N.A. v. Schmidt, 388 F.3d 414 (4th Cir. 2004), to argue that I should construe "located" to include anywhere that Bank of America operates a branch office, which would destroy the diversity between Cavadi

and the bank.  As Bank of America points out in its objection, however, the U.S. Supreme Court reversed the Fourth Circuit's decision on appeal.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 319 (2006).  The Supreme Court construed § 1348 to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  Id. at 307.

Bank of America's main office is located in Charlotte, North Carolina, making Bank of America a citizen of North Carolina for § 1348 purposes.  See id.  Because Cavadi is a citizen of Massachusetts, the parties are therefore diverse and Cavadi's first argument for remand fails.

**B.    Waiver of Removal**

Cavadi argues in the alternative that, by involving itself in the collection action, Bank of America waived its statutory right to removal of the new action.  Moore's Federal Practice states:

> A defendant may waive the right to remove a state court action to federal court by taking actions in state court, after it is apparent that the case is removable, that manifest the defendant's intent to (1) have the case adjudicated in state court and (2) abandon the right to a federal forum.  However, it must be unequivocally apparent that the case is removable, and the intent to waive the right to remove to federal

> court and submit to state court jurisdiction must be
> clear and unequivocal, and the defendant's actions must
> be inconsistent with the right to remove.

16 James Wm. Moore et al., Moore's Federal Practice § 107.18[3][a] (Matthew Bender 3d ed. 2007).

I assume, arguendo, that Bank of America chose to submit to the state court's jurisdiction in the collection action.  That does not, however, automatically lead to the conclusion that Bank of America also chose to submit to the state court's jurisdiction in the new action.

Cavadi's motion for a contempt citation in the collection action and Cavadi's claims in the new action both stem from the same transaction (namely, the bank's alleged failure or refusal to prevent Barnes from removing the contents of the safe deposit box).  But that fact, standing alone, does not justify treating the two cases as one.  See McKnight v. Ill. Cent. R.R., 967 F. Supp. 182, 186 (E.D. La. 1997) (where defendant litigated prior, transactionally related cases in state court, defendant's actions in those prior cases did not waive its right to remove a subsequent class action suit even though it arose from the same transaction); Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 247 (S.D. Fla. 1982), aff'd, 793 F.2d 1196 (11th Cir. 1986)

(where a new lawsuit raised claims identical to those raised in a prior state court case between the same plaintiff and same defendant, defendant's choice to litigate the prior case in state court did not affect its right to remove the new case). Additionally, the new action was neither extant nor removable when Bank of America was defending itself in the collection action.

In these circumstances, I cannot conclude that Bank of America's actions in the collection action showed an intent to abandon its right to a federal forum in the new action. Accordingly, Cavadi's waiver argument fails.

### III.  CONCLUSION

For the foregoing reasons, Cavadi's motion to remand (Doc. No. 9) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 30, 2007

cc:   Evans J. Carter, Esq.
      Glenn Boghosian, Esq.
      Cheryl Deshaies, Esq.
      Ralph Holmes, Esq.