**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Jules R. Cavadi**

    **v.**                       Case No. 07-cv-224-PB
                                     Opinion No. 2008 DNH 066

**Bank of America, N.A.**

**MEMORANDUM AND ORDER**

Jules Cavadi seeks damages from Bank of America because the bank allowed a third party to access a safe deposit box that the third party maintained at a Bank of America branch, allegedly in violation of a state court order directing the bank to deny such access.  Cavadi moves for judgment on the pleadings as to Count I, which alleges that Bank of America's failure to comply with the state court order violated unspecified duties owed to him by the bank.  Bank of America moves to dismiss Count I.  For the reasons that follow, I deny Cavadi's motion for judgment on the pleadings as to Count I and grant Bank of America's motion to dismiss as to Count I.

## I.  <u>BACKGROUND</u>

In Rockingham County Superior Court, <u>Cavadi v. Barnes</u>, Docket No. 07-E-114 (hereinafter "the collection action"), Cavadi sought unsuccessfully to collect a judgment against Stephen C. Barnes.  As part of the collection action, the court ordered the Rockingham County Sheriff's Department to open a safe deposit box that Barnes maintained at the Exeter, New Hampshire, branch office of Bank of America, and deliver its contents to the court for <u>in camera</u> inspection.  The order further stated, "Until this has been done, any such safety deposit box shall be sealed, with no one permitted access to the same."  The Exeter branch manager received a faxed copy of this order on May 11, 2007, and acknowledged receipt to Cavadi.

On May 16, 2007, however, Barnes visited the bank, obtained access to the safe deposit box, and absconded with its contents. Based on these events, Cavadi requested that the superior court enter a criminal complaint for contempt against Bank of America. The superior court denied this motion.

Having failed to obtain any relief in the collection action, Cavadi filed a complaint against Bank of America in Rockingham County Superior Court.  In this new action, which was

subsequently removed to federal court and is now before me, Cavadi seeks to recover damages from Bank of America under a variety of theories.

Cavadi has moved for judgment on the pleadings as to Count I of the complaint, and Bank of America has moved to dismiss Count I.  Accordingly, this order is confined to a discussion of Count I, which alleges that the bank "did nothing to comply with the court's order, in violation of [its own] policies," and that this failure "was a complete and total disrespect of the plaintiff's rights and duty owed to him that the court order established and gross dereliction of its duty to safely keep possession of the contents of the box."

## II.  <u>STANDARD OF REVIEW</u>

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005).  The court views the facts contained in the pleadings in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007), cert.

denied, 128 S. Ct. 1248 (2008).  Judgment on the pleadings is proper "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  Id. (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006)).

On a motion to dismiss, I accept as true the well-pleaded factual allegations of the complaint and draw all reasonable inferences therefrom in the plaintiff's favor.  Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  Although the complaint "does not need detailed factual allegations," the allegations "must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (U.S. 2007); Parker v. Hurley, 514 F.3d 87, 95 (1st Cir. 2008).

### III.  **ANALYSIS**

In Count I, Cavadi asserts that Bank of America violated the "duty owed to him that the court order established" and the "duty to safely keep possession of the contents of the box."  Bank of America's violation of one or both of these duties, Cavadi argues, harmed Cavadi by allowing Barnes to escape with the

allegedly valuable contents of the safe deposit box.  For the reasons explained below, however, Cavadi has failed to set forth facts sufficient to establish any duty running from Bank of America to Cavadi.  Without a duty, there can be no breach. Accordingly, Count I does not state a claim upon which relief may be granted.

**A.** **Whether Bank of America Owed a Duty to Cavadi Independent of the Court Order**

Cavadi alleges that Bank of America owed him a duty to safeguard the contents of the safe deposit box.  However, the rental agreement for the safe deposit box was a contract between Bank of America and Barnes, not Cavadi.

As a general rule, a bank owes duties to its customers, but not to third-party creditors of those customers.  See MacMillan v. Scheffy, 147 N.H. 362, 364 (2001).  In this case, Bank of America was renting out a safe deposit box to Barnes, so it owed *Barnes* a duty to safeguard the box's contents.  See DuPont v. Moore, 86 N.H. 254, 261 (1933).  That duty would not run to a third party like Cavadi unless Cavadi was in privity of contract with the bank or was an intended beneficiary of the arrangement. See MacMillan, 147 N.H. at 364.

Cavadi does not allege that he was in privity of contract with Bank of America, and there is no basis for inferring this from his pleadings.  Thus, no duty arises from privity.

Nor was Cavadi a third-party beneficiary of the contract between Bank of America and Barnes.  A third-party beneficiary relationship exists if: "(1) the contract calls for a performance by the promisor which will satisfy some obligation owed by the promisee to the third party, or (2) the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract." Tamposi Assocs. v. Star Mkt. Co., 119 N.H. 630, 633 (1979).  Cavadi has not alleged, and there is no basis for inferring, that the box rental agreement called for either Bank of America or Barnes to satisfy an obligation that either party owed to Cavadi.  Cavadi has also not alleged, and there is no basis for inferring, that either Bank of America or Barnes entered into the box rental agreement with the primary purpose of benefitting Cavadi.  Thus, Cavadi was not a third-party beneficiary of the agreement.

Accordingly, Bank of America owed no duty to Cavadi independent of the court order.

**B.    Whether the Court Order Created a New Duty Running to Cavadi**

Cavadi argues, somewhat opaquely, that third-party beneficiary contract principles should apply to his situation because "the court order became, in essence, a contractual obligation," and "the court order had been entered solely for the benefit of the plaintiff."[1]  As I understand it, Cavadi is arguing that the court order created a constructive contract between the court and Bank of America, that Cavadi was a third-party beneficiary of this constructive contract, and that this entitles Cavadi to bring a private action for breach of contract to enforce the court order.  This argument has no merit because the court order was a court order, not a contract.

A court order is a public act by the court issued in its exercise of the judicial power, not a private agreement between

_____

[1] Cavadi also argues that Cavadi must have some civil remedy because the state court judge denied his motion for contempt "w/o prejudice to the Plf in pursuing any civil remedies it <u>may</u> have against Bank of America."  (Emphasis added.)  That the state court judge was willing to leave open the <u>possibility</u> that such remedies <u>might</u> exist, however, does not mean those remedies actually exist.

the court and the party bound.  This basic distinction is
reflected in the care that courts have taken to preserve the
integrity of contempt proceedings brought to enforce court
orders.  See, e.g., Young v. United States ex rel. Vuitton et
Fils, S.A., 481 U.S. 787, 814 (1987) (holding that a prosecutor
of a contempt action cannot also represent the private
beneficiary of the allegedly violated court order, because his
prosecutorial responsibility to pursue the public interest in
vindication of the court's authority conflicts with his duty to
represent the interests of the private beneficiary); Rogowicz v.
O'Connell, 147 N.H. 270, 274 (2001) ("Private attorneys appointed
to prosecute criminal contempt represent the State and are duty
bound to advance the public interest in vindicating the court's
authority.").  Accordingly, the appropriate method for dealing
with a party's alleged violation of a court order is not to seek
contract damages for violation of an imaginary covenant, but
rather to invoke the court's contempt powers.  See, e.g.,
Mortgage Specialists, Inc. v. Davey, 153 N.H. 764, 782-93 (2006);
State v. Lieber, 146 N.H 105, 105-08 (2001); Town of Epping v.
Harvey, 129 N.H. 688, 690-92 (1987).

**C.   Intentional or Negligent Spoliation of Evidence
      as an Independent Tort**

Count I could also be interpreted as asserting an independent tort of intentional or negligent spoliation of evidence.  Thus far, however, the New Hampshire courts have not recognized such a tort.  See Rodriguez v. Webb, 141 N.H. 177, 179 (1996).  In any event, Cavadi apparently abandoned this theory of relief in his rebuttal, in which he stated, "This is not a case where the defendant spoiled the evidence but, rather, is a case where an explicit court order made for the protection/benefit of the plaintiff was simply not complied with."

**IV.   CONCLUSION**

For the foregoing reasons, I deny Cavadi's motion for judgment on the pleadings as to Count I (Doc. No. 13) and grant Bank of America's motion to dismiss as to Count I (Doc. No. 15).

SO ORDERED.

                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

April 1, 2008

cc:  Glenn Boghosian, Esq.
     Evans Carter, Esq.
     Cheryl Deshaies, Esq.
     Ralph Holmes, Esq.